IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH WESELY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT THERESA DELBALSO, ET AL. | : | NO. 20-992 |

**MEMORANDUM**

**Padova, J.**                                                                                            **December 30, 2021**

Before the Court is Joseph Wesely's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. On October 22, 2020, United States Magistrate Judge Timothy R. Rice filed a Report and Recommendation recommending that we deny the Petition in its entirety. Wesely has filed Objections to the Report and Recommendation. For the reasons that follow, we overrule the Objections, adopt the Report and Recommendations, and deny the Petition with prejudice.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Wesely was arrested for attempted murder, criminal solicitation, and conspiracy to commit murder on May 11, 2017. Commonwealth v. Wesely, CP-46-CR-0004711-2017, Court Summary at 1, Criminal Docket ("Crim. Docket") at 3 (Montgomery Cty. Ct. of Common Pleas). His trial was originally scheduled for June 25, 2018. Crim. Docket at 14. His trial did not take place for more than four years. Id. at 2 (showing that Wesely's trial took place from November 1-4, 2021). There were many reasons for the delay. His pre-trial conference was continued three times based on defense requests and once based on a joint request. (See Commonwealth Resp. (Docket No. 10) Ex. A at 14-17 of 52.) On June 25, 2018, after a hearing, the trial court entered an order granting Wesely's motion to suppress cell phone evidence and location data. Crim. Docket at 29-30. (See also Commonwealth Resp. Ex. B at 23 of 52.) The trial court also granted Wesely's

motion to preclude text messages and granted the Commonwealth's motion in limine to admit prior bad acts evidence.  (Commonwealth Resp. Ex. B at 23 of 52.)  The Commonwealth filed an interlocutory appeal of this order and, on February 21, 2020, the Superior Court issued its decision, affirming the trial court's decision in part, and reversing and vacating it in part.  Commonwealth v. Wesely, No. 1868 EDA 2018, Docket at 5 ("Appellate Docket") (Pa. Super. Ct.)  On May 11, 2020, Wesely filed a petition for allowance of appeal to the Pennsylvania Supreme Court.  Id.  He discontinued his petition for allowance of appeal on May 28, 2021.  Id.

In March 2020, Wesely filed a motion to dismiss the charges against him based on the Commonwealth's failure to bring him to trial within one year or in the alternative for a modification of bail.  Crim. Docket at 36.  That motion had not been decided before the instant Report and Recommendation was issued.[1]

On February 13, 2020, before Wesely filed his motion to dismiss in state court, he filed the instant Petition for Writ Of Habeas Corpus pursuant to 28 U.S.C. §2241.  In his Petition, Wesely contends that the Commonwealth violated his right to a speedy trial under the Sixth and Fourteenth Amendments and that his state court prosecution violates the Fourth and Fourteenth Amendments because the charges against him are based on a fraudulent affidavit of probable cause.[2]

---

[1] We note that, at the time he filed the instant Petition, Wesely was not incarcerated solely in connection with the charges against him in CP-46-CR-0004711-2017.  He was convicted of delivery of a controlled substance, illegal transfer of a firearm, and criminal conspiracy on June 13, 2018 and, in 2020, he was serving his sentence in that case.  (See Commonwealth Resp. Ex. D at 28-29 of 52.)

[2] In connection with his Fourth Amendment claim, Wesely relies on Franks v. Delaware, 438 U.S. 154 (1978), in which the Supreme Court held that a defendant in a criminal proceeding has the right under the Fourth and Fourteenth Amendments, "subsequent to the ex parte issuance of a search warrant, to challenge the truthfulness of factual statements made in an affidavit supporting the warrant" where that defendant has made "allegations of deliberate falsehood or of

## II.     STAN.DARD OF REVIEW

Where a habeas petition has been referred to a magistrate judge for a report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The Court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  We have jurisdiction to issue a writ of habeas corpus to an individual in pretrial detention pursuant to 28 U.S.C. §2241.  See Moore v. DeYoung, 515 F.2d 437, 442 (3d Cir. 1975) (noting that "jurisdiction to issue the writ exists in the federal courts before a judgment is rendered in a state criminal proceeding" (citing 28 U.S.C. § 2241)); see also 28 U.S.C. §2241(c) (stating that "the writ of habeas corpus shall not extend to a prisoner unless . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States"). However, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Jud. Cir. Ct. of Kentucky, 410 U.S. 484, 489 (1973) (quoting Ex parte Royall, 117 U.S. 241, 253 (1886)).

## III.    DISCUSSION

Magistrate Judge Rice recommends that we deny Wesely's claims because he failed to exhaust those claims in state court before filing the instant Petition.  There is an exhaustion

---

reckless disregard for the truth, and those allegations [are] accompanied by an offer of proof." Id. at 155, 171-2.

3

requirement for claims brought pursuant to §2241(c)(3).  Moore, 515 F.2d at 442.  "Exhaustion requires that the state courts be given the opportunity to correct any errors before the federal court reviews a claim."  McLean v. Clark, Civ. A. No. 19-0667, 2019 WL 5722006, at *2 (M.D. Pa. Nov. 5, 2019) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Rose v. Lundy, 455 U.S. 509, 518-19 (1982)).  "To that extent, a petitioner must invoke 'one complete round of the state's established appellate review process' in order to exhaust his remedies."  Id. (quoting O'Sullivan, 526 U.S. at 845).  "The claim brought in federal court must be the substantial equivalent of that previously presented in state court."  Id. (citing Evans v. Court of Common Pleas, Del. Cnty., Pa., 959 F.2d 1227, 1234 (3d Cir. 1992)).  We may not exercise our jurisdiction over a pre-trial petition brought pursuant to §2241 if the claims in the petition have not been exhausted "unless extraordinary circumstances are present."  Moore, 515 F.3d at 443 (citing Frisbie v. Collins, 342 U.S. 519, 520-521 (1952); Reid v. Jones, 187 U.S. 153, 154 (1902); United States ex rel. Richardson v. Rundle, 461 F.2d 860, 864-65 (3d Cir. 1972)).  The United States Court of Appeals for the Third Circuit has indicated that "'extraordinary circumstance[s]' justifying pre-exhaustion federal habeas relief" include "delay, harassment, bad faith or other intentional activity."  Id. at 447 n.12.  While Wesely does claim that his trial has been unconstitutionally delayed, the Third Circuit has specifically stated that a violation of "the constitutional issue of speedy trial" has not been recognized "as an extraordinary circumstance sufficient to dispense with the exhaustion requirement."  Id. at 446.

    Wesely does not object to Magistrate Judge Rice's recommendation that he failed to exhaust his speedy trial claim.  However, he objects to the Report and Recommendation on the ground that Magistrate Judge Rice failed to analyze his claim that his state court prosecution violates the Fourth and Fourteenth Amendments because the charges against him are based on a

fraudulent affidavit of probable cause. The Report and Recommendation does not separately discuss whether Wesely exhausted this claim prior to filing the instant Petition. However, Wesely does not claim, and has not submitted any evidence that would show, that he exhausted his claim related to the allegedly fraudulent affidavit of probable cause in state court before bringing it in the instant Petition. Moreover, there is no indication in his Criminal and Appellate Dockets that he ever raised this issue in state court. We conclude that Wesely has not demonstrated that he exhausted this claim in state court before filing the instant Petition. Furthermore, Wesely does not claim, and there is no indication in the record before us, that extraordinary circumstances exist that would justify pre-exhaustion consideration of this claim. See Moore, 515 F.3d at 446.

## IV. CONCLUSION

For the reasons stated above, we overrule Wesely's objection to the Report and Recommendation and adopt Magistrate Judge Rice's Report and Recommendation in its entirety, as discussed herein. In addition, as Wesely has failed to make a substantial showing of the denial of a constitutional right or demonstrate that a reasonable jurist would debate the correctness of this ruling, we decline to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2). An appropriate Order follows.

BY THE COURT:

s/s John R. Padova

_____

John R. Padova, J.